IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH WILSON,[1] AIS #230202,  :

    Plaintiff,  :

vs.  :  CIVIL ACTION 10-00640-CG-B

BOB RILEY, *et al.,*  :

    Defendants.  :

### REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. For reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

---

[1] Plaintiff's full name is Joseph Michael Wilson. See Doc. 4 at 7.

> grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, that Plaintiff has three actions that were previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Wilson, et al. v. First Baptist Church of Dadeville, et al., CA 3:04-CV-1004-MHT-VPM (M.D. Ala. 2005); Wilson v. Pryor, et al., CA 2:04—CV-1052-MEF-VPM (M.D. Ala. 2004); and Wilson v. Moore, et al., CA 3:04-CV-1207-MHT-VPM (M.D. Ala. 2005). In the prior actions, Wilson was placed on notice that any future *in forma pauperis* actions which he filed would be subject to review under 28 U.S.C. § 1915(g) because he has three actions that were previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Wilson v. Riley, et al., CA 2:07-CV-0891-WKW-WC (M.D. Ala. 2005); Wilson v. Riley et al., CA 2:09-CV-0632-ID-WC (M.D. Ala. 2009).

Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), Wilson must satisfy the exception to § 1915(g), which requires him to show that at the time of the

2

Complaint's filing, he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

Upon a careful review of Wilson's Complaint, (Doc. 1), the Court is unable to discern a single claim which reflects that Wilson was under an imminent danger of serious physical injury at the time he filed his Complaint. Wilson complains about being transferred from Bullock Correctional Facility, where he was to receive two diplomas from a Bible college in December, to Fountain Correctional Center ("FCC"), where he has been assigned to a field worker position even though Social Security has classified him as being totally disabled as he suffers from the early stages of Alzheimer's disease (id. at 4, 8-9). Wilson also alleges that he is being incarcerated beyond the expiration of his criminal sentence on July 7, 2010 (id. at 4, 8); that he is being required to pay the inmate laundry workers to do his laundry so his clothes will be returned (id. at 5, 10-12); and is being subjected to second-hand smoke as a result of Alabama Department of Corrections' ("ADOC") failure to enforce the no-smoking rules at FCC (id. at 12).

In his multiple allegations, Wilson has not alleged a specific serious physical injury that is imminent and connected

3

to his claims. Nor has he asserted any allegations of past injury related to these claims. In his request for relief, Wilson seeks to have ADOC enforce its rules, to clean up the extortion at FCC, and to release him so he can go home to his dying wife. (Id. at 7). He also requests to be returned to Bullock so that he will be near his family. (Id. at 8).

The allegations contained in Wilson's original Complaint are varied and typically should not be brought in one complaint, particularly the claim about the calculation of his criminal sentence. That claim is wholly unrelated to his conditions of confinement claims and should be brought in a habeas proceeding if plaintiff is seeking release because such relief is not available in a § 1983 action. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).

In Wilson's court-ordered Amended Complaint (Doc. 4), he again asserts many of the varied claims contained in his original Complaint, as well as new claims. Wilson's new claims involve assertions that prison officials allow sports gambling, which he has witnessed in his position as hall monitor, that they permit extortion to take place, and that they allow cats, which is a good thing, but they fail to provide the cats with their vaccines and worm treatments, and as a result, the cats leave worm-ridden feces in the exercise yard which can transmit diseases to humans. (Id. at 10-11). Plaintiff also alleges

that while at FCC, he has "been spit on-beaten-threatened by inmates and ADOC personnel-and I believe myself to be in danger by the very nature of the deeply entrenched 'CULTURE OF CORRUPTION" in Fountain CF . . . ." (Id. at 12). Wilson provides no facts or details in support of his conclusory allegations of being beaten, threatened, and in danger.

Wilson filed a Supplemental Complaint (Doc. 7) in which he once again supplements some claims and adds new ones. He alleges that inmates turn off the heat where he sleeps and that this in turn causes him considerable pain due to arthritis and old injuries. (Id. at 2). He also alleges that in the honor dorm, "in the latest incident - threats of physical violence and derogatory sexual profanity [were] leveled against [Plaintiff] in front of dorm leaders – and they refused to allow me to write up these violations against this inmate." (Id. at 5). Wilson further asserts that inmates pet the cats, which are allowed in the main buildings, and then the inmates work in the kitchen. (Id. at 1-2).

In assessing if a plaintiff is under imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). Considering the totality of Wilson's allegations, the Court finds that they do not suggest, let alone establish, that he was

5

under "imminent danger of serious physical injury" at the time of filing. That is, no specific serious physical injury is related to Wilson's allegations in his original Complaint or in his subsequent allegations. Wilson does not provide any details about a specific threat that he is facing nor any details to show that the threat is imminent. See White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1999) (denying the "imminent danger of serious physical injury" exception because the "Amended Petition [wa]s largely a collection of vague and utterly conclusory assertions"). Nor does Wilson indicate from whom the imminent danger of serious physical injury comes. Hickmon v. Florida Dept. of Corrections, No. 4:07cv210-WS, 2007 WL 3023990, at *2 (N.D. Fla. Oct. 16, 2007) (unpublished) (denying the "imminent danger of serious physical" injury exception because "[t]here are no allegations of any specific or identifiable persons who posed a threat to Plaintiff and no specifics of harm in the close proximity of time that Plaintiff initiated this case"). To avoid § 1915(g)'s bar, "the plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL

484547, at *1 (S.D. Ala. Feb. 8, 2007) (Granade, C.J.) (unpublished) (citation and quotation marks omitted).

"By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) cert. denied, 533 U.S. 953 (2001). In "[t]hose cases where time is pressing and the prisoner is unable to pursue the other options . . . [w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury,' then the courthouse doors are open even to those who have filed three frivolous suits and do not have a penny to their name." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Such is not the situation in the present action as the threat of specific serious physical injury is not present and imminency is not shown. Accordingly, Wilson cannot overcome the § 1915(g) bar because he has not shown that he was under "imminent danger of serious physical injury" when he filed the present action. Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, this action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be

7

dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he <u>initiates</u> the action); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), <u>cert. denied</u>, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

DONE this **27th** day of **May, 2011.**

                                      /s/SONJA F. BIVINS
                            **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

9

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **27th** day of **May, 2011.**

                        /s/SONJA F. BIVINS_____
                    **UNITED STATES MAGISTRATE JUDGE**